1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

9

10 | KIRTI TIWARI, *et al.*,

No. 2:17-cv-00242 (TSZ)

11 |     Plaintiffs,

**AMENDED PRETRIAL ORDER**

12 |     v.

13 | JAMES MATTIS, Secretary, U.S. Department
14 | of Defense, in his official capacity,

15 |     Defendant.

16

17         Pursuant to Local Rules 16(e), 16(k), and 16.1, the parties jointly state as follows:

18                          JURISDICTION

19         Jurisdiction is vested in this court by virtue of: Plaintiffs' claims arise under the United

20 States Constitution; they seek declaratory and injunctive relief. The Court's jurisdiction over this

21 action is pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201-2202 (the

22 Declaratory Judgment Act); and the Constitution. Venue in this District is authorized by 28

23 U.S.C. § 1391(e)(l)(C) (Judicial district in which a plaintiff resides).

24
25
26

Defendant's Further Disputed Jurisdictional Contentions:

Defendant contests the Court's subject-matter jurisdiction over certain claims by certain Plaintiffs. Specifically, as Defendant argued at the summary judgment stage, not all named Plaintiffs have standing to challenge the National Intelligence Agency Check ("NIAC") and CI-focused security review ("CIFSR") or passive analytical CI and security assessment ("PACSA") requirements for MAVNI soldiers. Many Plaintiffs have already obtained security clearances (and thus their claims are moot), while others have not yet sought security clearances (and thus their claims are not ripe). Where claims are moot or unripe, the Court lacks subject-matter jurisdiction under Article III to adjudicate them.

CLAIMS AND DEFENSES

Plaintiffs are naturalized U.S. citizens who enlisted in the armed services through the MAVNI program. In this litigation, Plaintiffs have challenged a series of policies and actions by DoD that they contend have violated their Fifth Amendment guarantee of equal protection. Several of these DoD policies and actions have been withdrawn/disclaimed and/or corrected. The remaining policies in this action challenged by Plaintiffs are as follows:

**First**: Plaintiffs challenge the requirement that, to obtain a security clearance, service members who, like them, entered the military through the MAVNI program (and who later became naturalized U.S. citizens) must undergo counter intelligence (CI) screenings in the form of either a CI-Focused Security Review ("CIFSR") or a Passive Analytical CI and  Security Assessment or ("PACSA"). U.S. citizens who entered the military through programs other than the MAVNI program are not automatically subjected to these requirements.

**Second**: Plaintiffs challenge the requirement that, to obtain a security clearance, service members who, like them, entered the military through the MAVNI program (and who later

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

became naturalized U.S. citizens) must undergo a National Intelligence Agency Check (NIAC). U.S. citizens who entered the military through programs other than the MAVNI program are not automatically subjected to this requirement.

**Third**: Plaintiffs challenge the requirement that service members who, like them, entered the military through the MAVNI program (and who later became naturalized U.S. citizens) are subjected to Continuous Monitoring for the duration of their affiliation with the Department of Defense (e.g., active duty, Reserve, government civilian, or contractor.) U.S. citizens who entered the military through programs other than the MAVNI program are not subjected to this requirement.

Plaintiffs are not challenging the nature or extent of the vetting that DoD applies to MAVNI applicants or MAVNI soldiers prior to the time they become U.S. citizens.

Defendants do not intend to pursue any affirmative defenses or claims for relief at trial.

ADMITTED FACTS

The following facts are admitted by the parties:

1. Under current DoD policy, U.S. citizen MAVNI soldiers are required to undergo a National Intelligence Agency Check, or NIAC, before they may be found eligible to hold a security clearance. A NIAC consists of a check for adverse information conducted against various national security and law enforcement databases.

2. Under current DoD policy, U.S. citizen MAVNI soldiers who entered active service prior to September 30, 2016, are required to undergo a NIAC, a Single Scope Background

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

Investigation (SSBI) (now called Tier 5 Investigation) and a Passive Analytical CI and Security Assessment ("PACSA") before they may be found eligible to hold a security clearance.

3. Under current DoD policy, U.S. citizen MAVNI soldiers who entered active service on or after September 30, 2016, are required to undergo a NIAC, a Single Scope Background Investigation (SSBI) (now called Tier 5 Investigation) and a CI-Focused Security Review ("CIFSR") before they may be found eligible to hold a security clearance.

4. Under current DoD Policy, the results of NIACs, CIFSRs, PACSAs, and Tier 5 background investigations must be provided to the Department of Defense Consolidated Adjudications Facility ("DoD CAF"). The DoD CAF adjudicates the combined results of all MAVNI submissions and renders a National Security Determination ("NSD") for security clearance eligibility.

5. Under current DoD policy, U.S. citizen MAVNI soldiers are subject to Continuous Monitoring for the entirety of the MAVNI soldier's affiliation with DoD. Continuous Monitoring involves enrollment in DoD's Continuous Evaluation program (a program that applies to all personnel, including non-MAVNI personnel, who occupy national security sensitive positions), supplemented by a biennial NIAC and PACSA.

6. Plaintiff Kirti Tiwari naturalized as a U.S. citizen on August 25, 2015. Tiwari is a native of India. He obtained a master's degree in Molecular Biology in 2012. Tiwari enlisted in the United States Army under the MAVNI Program on June 24, 2014, for an eight (8) year term of enlistment, the first four (4) years being Active Duty, with the remainder in the Army Reserve. DoD CAF made a favorable Military Service Suitability Determination ("MSSD")

**CASCADIA CROSS BORDER LAW GROUP LLC**
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

**U.S. DEPARTMENT OF JUSTICE**
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

recommendation for Tiwari on March 4, 2015. As of May 1, 2018, Tiwari has a Top Secret/Sensitive Compartmented Information ("TS/SCI") level security clearance.

7. Plaintiff Seung Yoon Yang naturalized as a U.S. citizen on February 17, 2016. Yang is a native of South Korea and graduated with a Bachelor of Science degree in statistics and a Bachelor of Arts degree in economics. He enlisted in the United States Army under the MAVNI Program on January 14, 2015, for an eight (8) year term of enlistment, the first four (4) years and sixteen (16) weeks being Active Duty, with the remainder in the Army Reserve. DoD CAF made a favorable MSSD recommendation for Yoon on August 10, 2017, and concluded on August 8, 2017, that Yoon is eligible to access classified information. Yoon holds a Secret level clearance as of November 8, 2017.

8. Plaintiff Amandeep Singh naturalized as a U.S. citizen on July 27, 2016. Singh is a native of India and received a Bachelor of Science degree in engineering technology from Texas Tech in 2007. He enlisted in the United States Army under the MAVNI Program on July 23, 2015, for an eight (8) year term of enlistment. DoD CAF made a favorable MSSD recommendation for Singh on August 25, 2016. Following issuance of the June 21, 2017 "Kurta" memo (Exhibit 11), Singh requested a security clearance. As of July 13, 2018, Amandeep Singh holds a Secret level security clearance.

9. Plaintiff Duncan Makau naturalized as a U.S. citizen on September 15, 2016. Makau is a native of Kenya who came to the United States in 2007 to attend college at the United States Military Academy at West Point (USMA). Makau graduated from the USMA in 2011. Makau obtain a master's degree in business administration from North Central College in Naperville, Illinois, in 2016. He enlisted in the United States Army under the MAVNI Program. His initial term of enlistment began on March 22, 2016 and is for eight (8) years, the first four (4) years and

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

twenty-one (21) weeks being Active service, with the remainder in the Army Reserve. DoD CAF made a favorable MSSD recommendation for Makau on February 1, 2018. As of July 18, 2018, Makau holds a Secret level security clearance.

10. Plaintiff Valdeta Mehanja naturalized as a U.S. citizen on January 13, 2016. Mehanja is a native of Kosovo. She enlisted in the United States Army under the MAVNI program on February 27, 2015. Under the delayed entry program, she shipped to Basic Combat Training (BCT) on September 1, 2015. Her enlistment term is for six (6) years in the Regular Army. Mehanja was the honor graduate of in the UH-60 Helicopter Repairer course conducted November 17, 2015 through March 25, 2016. DoD CAF made a favorable MSSD recommendation for Mehanja on August 24, 2016. Following the issuance of the June 21, 2017 "Kurta" memo, Mehanja requested a security clearance. As of May 3, 2018, Valdeta Mehanja holds a TS/SCI level security clearance.

11. Plaintiff Raj Chettri naturalized as a U.S. citizen on February 4, 2014. Chettri is a native of Nepal. He obtained a Bachelor of Science degree in hotel and restaurant management summa cum laude. Chettri enlisted in the United States Army under the MAVNI program on June 10, 2013, for an eight-year term of enlistment, the first six (6) years is Active Duty, the remainder is in the Army Reserve. DoD CAF made a favorable MSSD recommendation for Chettri on August 29, 2013. Following the issuance of the June 21, 2017 "Kurta" memo, Chettri requested a security clearance. As of October 22, 2018, Chettri's request is in adjudication.

12. Plaintiff Thong Nguyen naturalized as a U.S. citizen on February 18, 2015. Nguyen is a native of Vietnam. He received a dual Bachelor of Science Degree in Accounting and International Business from St. Cloud University in Minnesota in 2008. He obtained a Master's in Business Taxation degree from the University of Minnesota in 2012. Nguyen enlisted in the

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

United States Army on August 12, 2014 under the MAVNI program for an eight (8) year term of enlistment, with the first four (4) in the Active Regular Army. DoD CAF made a favorable MSSD recommendation for Nguyen on April 16, 2015. Following the issuance of the June 21, 2017 "Kurta" memo, Nguyen requested a security clearance through his command. As of November 20, 2018, there has been a formal request for the DoD CAF to adjudicate Nguyen's security-clearance eligibility. DoD CAF will adjudicate Nguyen's eligibility once it receives proof of citizenship from Nguyen's command.

13. Plaintiff Xi Cui naturalized as a U.S. citizen on March 10, 2016. Cui is a native of China. She received a master's degree in urban and regional planning from the University of Florida in 2010. Cui enlisted in the United States Army under the MAVNI program on May 15, 2015, for an eight (8) year term of enlistment, with the first six (6) years being in the Reserve Component. DoD CAF made an unfavorable MSSD recommendation for Cui on September 22, 2017. Following the issuance of the June 21, 2017 "Kurta" memo, Cui requested a security clearance. However, because of her unfavorable MSSD recommendation, DoD CAF will not adjudicate Cui's eligibility for a security clearance until both (1) the Army requests an adjudication and (2) the Army either mitigates the derogatory information leading to the unfavorable MSSD recommendation or waives the MSSD standards.

14. Plaintiff Rajat Kaushik naturalized as a U.S. citizen on April 16, 2015. Kaushik is a native of India. He enrolled in Northeastern University in Boston, Massachusetts, in the fall of 2011. He obtained a master's degree in Biotechnology from Northeastern in 2014. Kaushik enlisted in the United States Army under the MAVNI program for an eight (8) year term of enlistment with six (6) years in the Regular Army. DoD CAF made a favorable MSSD recommendation for Kaushik on January 8, 2015. Following the issuance of the June 21, 2017

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

"Kurta" memo, Kaushik requested a security clearance.  As of May 2, 2018, Kaushik held a TS/SCI level security clearance.  Kaushik has since separated from the military.

15. Plaintiff Blerta Mehanja naturalized as a U.S. citizen on July 26, 2016.  Mehanja is a native of Kosovo and the younger sister of Valdeta Mehanja.  Blerta Mehanja enlisted in the United States Army under the MAVNI program on April 2, 2015, for an eight (8) year term of enlistment with four (4) years in the Active Regular Army.  Mehanja was selected for a Special Operations Unit in the Army's Psychological Operations Division.  She successfully completed the Selection and Assessment class in December 2016.  The selection rate of each class is only approximately 30%.  Following the issuance of the June 21, 2017 "Kurta" memo, Blerta Mehanja requested a security clearance.  DoD CAF made a favorable MSSD recommendation for Mehanja on August 21, 2017 and a positive National Security Determination (NSD) on September 14, 2017, finding Blerta Mehanja eligible to access classified information; she currently holds a Secret level security clearance.

16. Plaintiff Mengmeng Cai naturalized as a U.S. citizen on July 14, 2016.  Cai is a native of China.  Cai enlisted in the United States Army under the MAVNI program on August 5, 2015, for an eight (8) year term of enlistment with the first four (4) years being in the Active Regular Army.  DoD CAF made a favorable MSSD recommendation for Cai on August 23, 2016.  As of October 22, 2018, Cai's request for a security clearance is in adjudication.

17. Plaintiff Sandeep Singh naturalized as a U.S. citizen on June 10, 2013.  Singh is a native of India.  Singh received a bachelor's degree in May 2010 from North Dakota State University.  Singh enlisted in the United States Army under the MAVNI program on October 23, 2012 for an eight (8) year term of enlistment with the first four (4) years being in the Active Regular Army.  DoD CAF made a favorable MSSD recommendation for Singh on January 22,

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

2013.  In 2014, Singh was deployed to Kandahar, Afghanistan in support of Operation Enduring Freedom, for which service he received an Army Commendation Medal and a NATO Service Medal.  Following the issuance of the June 21, 2017 "Kurta" memo, Singh requested a security clearance.  As of May 16, 2018, Sandeep Singh holds a TS/SCI level security clearance.

18. Plaintiff Fleury Ngantchop Keigni Di Satchou naturalized as a U.S. citizen on August 14, 2014.  He is a native of Cameroon.  Keigni Di Satchou enlisted in the United States Army under the MAVNI program on January 9, 2014, for an eight (8) year term of enlistment with the first four (4) years in the Active Regular Army and four (4) years Reserve Component.  Upon completion of basic training, Keigni Di Satchou transitioned to Advanced Individual Training (AIT) at Fort Sam Houston, San Antonio, Texas where he completed Behavioral Health Technician training.  Keigni Di Satchou sought a security clearance in order to apply to Officer Candidate School (OCS).  DoD CAF made a favorable MSSD recommendation for Keigni Di Satchou on May 29, 2014.  As of May 3, 2018 Keigni Di Satchou holds a TS/SCI level security clearance.

19. Plaintiff Kaushal Wadhwani naturalized as a U.S. citizen on April 28, 2017. Wadhwani is a native of India.  He enlisted in the United States Army under the MAVNI program on April 11, 2016, for an eight (8) year term of enlistment with the first six (6) years being in the Reserve Component.  DoD CAF made a favorable MSSD recommendation for Wadhwani on April 6, 2018.    As of November 20, 2018, DoD CAF has not received a formal request to adjudicate Wadhwani's eligibility for a security clearance.

20. Plaintiff Angelia Acebes naturalized as a U.S. citizen on February 3, 2016.  She is a native of the Philippines.  Acebes enlisted in the United States Army under the MAVNI program on June 9, 2015, for an eight (8) year term of enlistment with the first six (6) years being in the

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

Reserve Component. DoD CAF made a favorable MSSD recommendation for Acebes and a positive NSD for her on March 8, 2018. As of October 22, 2018, there has been no formal request for the DoD CAF to adjudicate Acebes's security-clearance eligibility.

21. Plaintiff Kusuma Nio naturalized as a U.S. citizen on June 9, 2017. He is a native of Indonesia. Nio enlisted in the United States Army under the MAVNI program on August 12, 2015, for an eight (8) year term of enlistment with the first six (6) years being in the Reserve Component. DoD CAF made a favorable MSSD recommendation for Nio on June 1, 2016. As of September 13, 2018, Nio holds a Secret level security clearance.

22. Plaintiff Qi Xiong naturalized as a U.S. citizen on June 2, 2017. Xiong is a native of China. She enlisted in the United States Army under the MAVNI program on November 10, 2015 for an eight (8) year term of service with the first six (6) years being in the Reserve Component. As of October 22, 2018, Xiong's request is in adjudication.

## ISSUES OF LAW

The following are the issues of law to be determined by the court:

1. Whether, if rational basis review applies, Defendant has established a rational basis for the requirements that naturalized U.S. citizens who enlisted in the armed services through the MAVNI program must have a NIAC and CIFSR/PACSA before being adjudicated for security-clearance eligibility and must be subject to Continuous Monitoring; or

2. Whether, if strict scrutiny applies, Defendant has established a compelling interest that supports the foregoing three requirements and has narrowly tailored the three requirements to advance that interest.

JOINT AMENDED PRETRIAL ORDER - 10
*Tiwari, et al. v. Mattis*, No. 2:17-cv-00242 (TSZ)

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

# EXPERT WITNESSES

(a) Plaintiff intends to introduce expert testimony from two witnesses. These witnesses are the subject of pending motions *in limine* by Defendant to exclude their testimony.

(b) The names and addresses of the expert witnesses to be used by each party at the trial and the issues upon which each will testify is:

(1) On behalf of Plaintiffs, Dr. Naomi Verdugo (c/o Plaintiffs' counsel). Former Senior Advisor and Policy Officer to the Army Secretariat regarding all matters relating to Army Officer and enlisted accessions with extensive involvement with the MAVNI program. Will testify regarding the nature and history of the MAVNI program; her opinion concerning the high quality and high performance of MAVNI soldiers; her commissioning of both the Human Resources Research Organization (HumRRO) and RAND independent studies of the MAVNI program and their results; the increasing levels of screening that were applied to the MAVNI program following the Fort Hood shooting; the delays that have resulted from those additional screenings; and her opinion that there is no observable need for the additional vetting being applied to MAVNI soldiers. Dr. Verdugo will also testify regarding subjects addressed in her expert report and deposition, and in rebuttal as needed.

(2) On behalf of Plaintiffs, Lt. Col. (Retired) Margaret Stock (c/o Plaintiffs' counsel). Lt. Col. Stock is the original project officer for the MAVNI program. She was formerly a Professor and Course Director of the National Security Law Seminar at the United States Military Academy at

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

West Point and has held various security positions in her Army career.
Stock is the author of Immigration Law and the Military (2nd ed. 2015)
(American Immigration Lawyers Association).  Stock will testify
regarding the history of the MAVNI program, the evolution of the vetting
procedures applied to MAVNI soldiers, her opinion that the present DoD
screening procedures are simultaneously overbroad and underinclusive,
the delays these screening requirements have generated, and the extensive
screenings naturalized U.S. citizen MAVNI soldiers receive from non-
DoD government agencies.  Stock has already submitted four affidavits or
declarations in this case.  (Dkt. #s 17, 26, 115-29 and 137-11)  She will
also testify regarding subjects addressed in these affidavits and
declarations, her expert report and deposition, and in rebuttal as needed.

## OTHER WITNESSES

Plaintiff intends to introduce testimony from several witnesses by deposition video.
Many of these are the subject of a pending motion *in limine* by Defendant to exclude their
deposition testimony.

The names and addresses of witnesses, other than experts, to be used by each party at the
time of trial and the general nature of the testimony of each are:

(a) On behalf of Plaintiffs:

- Named Plaintiffs and naturalized U.S. citizens Valdeta Mehanja, Sandeep Singh,
  Kirti Tiwari (by deposition video), Seung Yoon Yang (by deposition video),
  Amandeep Singh (by deposition video), and Raj Chettri (by deposition video) (c/o

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

Plaintiffs' counsel). These witnesses will testify, *inter alia,* regarding their involvement in the MAVNI program, delays resulting from the vetting procedures they were required to undergo, and their objections to being subjected to Continuous Monitoring for as long as they maintain any connection to DoD (whether as members of the military or as civilian workers).

- Daniel Purtill (by deposition video) (c/o Defense counsel). Former Deputy Director of DoD CAF. Will testify, *inter alia,* regarding the vetting procedures being applied to U.S. citizen MAVNI soldiers and will acknowledge that security clearance applications from U.S. citizen MAVNI soldiers are not being considered under the same terms, conditions and criteria as security clearance applications from other U.S. citizens.

- Curtis Kingsland (by deposition video) (c/o Defense counsel). DoD CAF's "Army Division, Manager MAVNI Program." Will testify, *inter alia,* regarding the nature of the vetting products that DoD CAF requires for naturalized U.S. citizen MAVNI soldiers; the methods by which DoD CAF accumulates and processes these vetting products; and the various advices he has given unit security officers concerning naturalized U.S. citizen MAVNI soldiers.

- Mary Dandridge and Terrill White (by deposition video) (c/o Defense counsel). Ms. Dandridge and Ms. White are local unit security personnel at, respectively, Ft. Stewart, GA, and Ft. Bragg, N.C., who have dealt with security clearance issues involving MAVNI soldiers including two named plaintiffs. They will testify regarding the security clearance application process from the local unit level, the delays they have experienced in obtaining security clearances for MAVNI personnel,

JOINT AMENDED PRETRIAL ORDER - 13
*Tiwari, et al. v. Mattis,* No. 2:17-cv-00242 (TSZ)

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

advices they received from Mr. Kingsland, the requirements for issuing interim clearances (including more recently to MAVNI soldiers) and the absence of certain vetting requirements for interim clearances.

- Latrice McSwain. Lead Adjudicator, MAVNI Section, DoD CAF (Ms. McSwain is apparently intending to testify in person as a DoD witness. In that event, Plaintiffs will simply cross-examine Ms. McSwain. If she does not appear in person, Plaintiffs will present her testimony by deposition video). (c/o Defense counsel). Will testify regarding the security vetting requirements for naturalized U.S. citizen MAVNI soldiers, processing and adjudication delays for security clearance applications for U.S. citizen MAVNI soldiers, and the security clearance status of the various named Plaintiffs.

(b) On behalf of Defendant:

- <u>Stephanie Miller,</u> Director, Office of Diversity, Equity, and Inclusion; Office of the Under Secretary of Defense for Personnel and Readiness; available via counsel for Defendant. Ms. Miller will testify about the history of the MAVNI program, including unclassified testimony about the value of the MAVNI program, the security concerns it presents, and the development of the NIAC, CIFSR/PACSA, and continuous monitoring policies. Ms. Miller will also testify about the scope of the RAND report commissioned by the Army in 2015 as well as to the screening protocols that apply to soldiers who are not citizens when they enlist and who do not enter the military via the MAVNI program. Further information about her likely testimony is available in the declaration that she submitted at the summary judgment stage in this case. *See* ECF No. 141-3.

JOINT AMENDED PRETRIAL ORDER - 14
*Tiwari, et al. v. Mattis*, No. 2:17-cv-00242 (TSZ)

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

- Roger Smith, Branch Chief for Personnel Security, Policy for the Office of the Under Secretary of Defense for Intelligence, available via counsel for Defendant. Mr. Smith will provide unclassified testimony about the security concerns presented by the MAVNI program. Mr. Smith will provide additional unclassified testimony about Defendants' NIAC and continuous monitoring policies, including the need for these policies to apply to all MAVNI soldiers. Mr. Smith will also provide testimony about how the DoD CAF conducts adjudications for security-clearance eligibility. Further information about his likely testimony is available in the declarations that he submitted at the summary judgment stage in this case. *See* ECF Nos. 132-1, 143-1.

- Joseph Simon, Senior Counterintelligence Advisor to the Army Deputy Chief of Staff, available via counsel for Defendant. Mr. Simon will provide unclassified testimony about the security concerns presented by the MAVNI program, including recent intelligence reporting in 2017 and 2018, and the need to address these concerns. Mr. Simon will provide additional unclassified testimony about the need for DoD's CIFSR, PACSA, and continuous monitoring policies, including the need for these policies to apply to all MAVNI soldiers.

- Latrice McSwain, Personnel Security Division Lead in the DoD CAF, Ft. Meade, Maryland, available via counsel for Defendant. Ms. McSwain will testify about the DoD CAF's process for making a national security determination ("NSD") and recommendations for an MSSD, including the status of the NSD and MSSD recommendation for each of the named Plaintiffs who remain in this action. Further information about her likely testimony is available in the declarations she submitted at the summary judgment stage in this case. *See* ECF Nos. 132-2, 143-2.

JOINT AMENDED PRETRIAL ORDER - 15
*Tiwari, et al. v. Mattis*, No. 2:17-cv-00242 (TSZ)

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

(a) Admissibility Stipulated.  The parties have stipulated to the admissibility of the following exhibits: 1, 2, 4, 6-8, 10, 11, 13, 15-26, 29-33, 35-39, 42, 49, 52-53, 57-58, 62-64, 69, 71, 75-84, 90-92, 95, 96, 100-105, and 107-124.

**Exhibit 1**:  Enlisted Record Brief (ERB) of Valdeta Mehanja (previously marked as Common Dep. Ex. 1 and Pl. MPSJ Ex. 1);

**Exhibit 2**:  Favorable Military Suitability Determination for Mehanja 8/24/16 (previously marked as Common Dep. Ex. 2 and Pl. MPSJ Ex. 2);

**Exhibit 4**:  Peter Levine Memo 9/30/16 (previously marked as Common Dep. Ex. 4 and Pl. MPSJ Ex. 4);

**Exhibit 6**:  Sheehan Recommendation for Mehanja 9/15/16 (previously marked as Common Dep. Ex. 6 and Pl. MPSJ Ex. 6);

**Exhibit 7**:  Moyes Recommendation for Mehanja 11/14/16 (previously marked as Common Dep. Ex. 7 and Pl. MPSJ Ex. 7);

**Exhibit 8**:  Rollie Recommendation for Mehanja 10/28/16 (previously marked as Common Dep. Ex. 8 and Pl. MPSJ Ex. 8);

**Exhibit 10**:  Exception to Policy Letters for Original Plaintiffs 4/24/17 (previously marked as Common Dep. Ex. 10 and Pl. MPSJ Ex. 10);

**Exhibit 11**:  Kurta "equal treatment" memo 6/21/17 (previously marked as Common Dep. Ex. 11 and Pl. MPSJ Ex. 11);

**Exhibit 13**:  McSwain Declaration 12/11/17 (previously marked as Common Dep. Ex. 13 and Pl. MPSJ Ex. 13);

JOINT AMENDED PRETRIAL ORDER - 16
*Tiwari, et al. v. Mattis*, No. 2:17-cv-00242 (TSZ)

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

**Exhibit 15**: Valdeta Mehanja MAVNI Information Paper;

**Exhibit 16**: Stephanie Barna ETP Memo 5/5/17;

**Exhibit 17**: Instructions to MAVNI Personnel Prior to Arrival 4/21/17 (previously marked Pl. MPSJ Ex. 17);

**Exhibit 18**: Nio v. U.S. Dep't Homeland Security, February 28, 2018, Bi-Weekly Status Report (previously marked Pl. MPSJ Ex. 18);

**Exhibit 19**: Nio v. U.S. Dep't Homeland Security, March 14, 2018, Bi-Weekly Status Report (previously marked Pl. MPSJ Ex. 19);

**Exhibit 20**: DoD Manual 5200.02 Personnel Screening Program (previously marked Pl. MPSJ Ex. 20);

**Exhibit 21**: Office of Personnel Management 2017 Agency Financial Report (Portions) (previously marked Pl. MPSJ Ex. 21);

**Exhibit 22**: SF 86 Form (previously marked Pl. MPSJ Ex. 22);

**Exhibit 23**: Federal Investigative Standards (previously marked Pl. MPSJ Ex. 23);

**Exhibit 24**: National Security Adjudicative Guidelines (previously marked as Common Dep. Ex. 24 and Pl. MPSJ Ex. 24);

**Exhibit 25**: Nio v. U.S. Dep't Homeland Security, 10/27/17 Hearing Transcript (Portion) (previously marked Pl. MPSJ Ex. 25);

**Exhibit 26**: Debra Wada 1-6-17 memo;

**Exhibit 29**: HumRRO Report;

**Exhibit 30**: DNI Continuous Evaluation – Overview (previously marked Ex. 1 to Pl. Reply Br. in Support of MPSJ);

JOINT AMENDED PRETRIAL ORDER - 17

*Tiwari, et al. v. Mattis*, No. 2:17-cv-00242 (TSZ)

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

**Exhibit 31**: DoD CAF MAVNI Incumbent Review, April 23, 2017 (previously marked Ex. 2 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 32**: Tiger Team End-to-End Process Review of the MAVNI Program (previously marked Ex. 3 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 33**: RAND Report on MAVNI Program (previously marked Ex. 4 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 35**: DoD CAF LPR & MAVNI National Security Determinations: Anecdotal Comparison (previously marked Ex. 6 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 36**: Executive Order 12968, Access to Classified Information (previously marked Ex. 7 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 37**: DoD Instruction, Personal Security Program, No. 5200.02 (previously marked Ex. 8 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 38**: MAVNI Information Paper, 8/9/17 (previously marked Ex. 9 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 39**: Command Recommendation for RAJ CHETTRI security clearance, 2/22/16 (previously marked Ex. 10 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 42**: DoD Second Amended Objections and Responses to Interrogatory No. 1 from Pl. First Discovery Requests dated 6/18/18 (previously marked Ex. 1 to Pl. Supplemental Br. in support of Pl MPSJ);

**Exhibit 49**: Kurta and Bingen Memo Re MAVNI Pilot Program 10/13/17 (previously marked as Common Dep. Ex 19);

**Exhibit 52**: Daniel Purtill Dec. 1/5/18;

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

**Exhibit 53**: Interim security clearance verification for SPC Keigni Di Satchou 1/22/18 (previously marked Common Dep. Ex. 23);

**Exhibit 57**: Patricia Stokes Declaration 1/5/18 (previously marked Common Dep. Ex. 57);

**Exhibit 58**: Stephanie Barna memo 4/27/18;

**Exhibit 62**: Recommendation ltr for Raj Chettri by Cpt Gray 1-25-16;

**Exhibit 63**: Request to adjudicate Raj Chettri Top Secret Clearance Battalion S2  2-11-16;

**Exhibit 64**: Request to adjudicate Raj Chettri Top Secret Clearance LTC Parker 2-22-16;

**Exhibit 69**: Seung Yoon Yang MAVNI Information Paper 10-9-14;

**Exhibit 71**: Amandeep Singh 7/23/15 MAVNI Info Paper;

**Exhibit 75**: CPT Gonzalez, Tiwari recommendation letter 4-8-16;

**Exhibit 76**: Col. Smith, Tiwari recommendation letter, 7-12-16;

**Exhibit 77**: Memo re Two Year Extension of MAVNI, 8-17-10;

**Exhibit 78**: Memo re MAVNI Security Reviews and Monitoring Programs, 2-16-12;

**Exhibit 79**: Memo re MAVNI re DACA Eligibility, 9-25-14;

**Exhibit 80**: Memo re MAVNI Program Suitability, 4-5-17;

**Exhibit 81**: Memo re 2017 MAVNI Accessions, 7-17-17;

**Exhibit 82**: Memo re Continued Counterintelligence Support for MAVNIs Accessed Prior to 9-30-16;

**Exhibit 83**: Memo re Concurrence with Procedures for Vetting Non-US Citizens, 5-2-18;

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

**Exhibit 84**: Memo re Dept. Army two-year extension of MAVNI program, 12-19-14;

**Exhibit 90**: Sandeep Singh 10-23-12 MAVNI Information Paper;

**Exhibit 91**: Command Endorsement for Sandeep Singh security clearance, Cpt. Macedo 6-27-17;

**Exhibit 92**: Command Endorsement for Sandeep Singh security clearance, LTC Sarrette 7-17-17;

**Exhibit 95**: Verdugo and Stock Paper on Impact of Foreign Born Population on Army Recruiting and Force 2025;

**Exhibit 96**: Verdugo and Stock Power Point on Impact of Foreign Born Population on Army Recruiting Exhibit and Force 2025;

- **Exhibit 100:** Memorandum from Robert Gates, Secretary of Defense, for Secretaries of the Army, Navy, and Air Force (November 25, 2008);

- **Exhibit 101:** Memorandum from John M. McHugh, Secretary of the Army, for Under Secretary of Defense (Personnel and Readiness) (June 22, 2010);

- **Exhibit 102:** Memorandum from Ashton Carter, Deputy Secretary of Defense, for Secretaries of the Army, Navy, and Air Force (May 16, 2012);

- **Exhibit 103:** Memorandum from Mary A. Legere, Lieutenant General, GS; Deputy Chief of Staff, G-2, for Principal Officials of Headquarters, Department of the Army Commander (October 16, 2012);

- **Exhibit 104:** Memorandum from Patricia P. Stokes, Senior Security Advisor, DISL, for Deputy Under Secretary of Defense for Intelligence (October 24, 2014);

- **Exhibit 105:** Memorandum from Stephanie Barna, Principal Deputy Assistant Secretary of Defense (Readiness and Force Management), Performing the Duties of the Assistant

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

Secretary of Defense (Readiness and Force Management), for Assistant Secretary of the Army for Manpower and Reserve Affairs, *et al*. (March 11, 2015);

- **Exhibit 107:** Memorandum from A.M. Kurta, Performing the Duties of Under Secretary of Defense for Personnel and Readiness, for Secretaries of Military Departments, *et al*. (October 13, 2017);

- **Exhibit 108:** Plaintiff Kirti Tiwari's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 109:** Plaintiff Seung Yoon Yang's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 110:** Plaintiff Amandeep Singh's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 111:** Plaintiff Duncan Makau's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 112:** Plaintiff Valdeta Mehanja's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 113:** Plaintiff Raj Chettri's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 114:** Plaintiff Thong Nguyen Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 115:** Plaintiff Xi Cui's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 116:** Plaintiff Rajat Kaushik's Response to Defendant's First Discovery Requests, served on April 16, 2018;

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

- **Exhibit 117:** Plaintiff Blerta Mehanja's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 118:** Plaintiff Mengmeng Cai Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 119:** Plaintiff Sandeep Singh's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 120:** Plaintiff Fleury Ngantchop Keigni Di Satchou's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 121:** Plaintiff Kaushal Wadhwani's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 122:** Plaintiff Angelia Acebes's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 123:** Plaintiff Kusuma Nio's Response to Defendant's First Discovery Requests, served on April 16, 2018;

- **Exhibit 124:** Plaintiff Qi Xiong's Response to Defendant's First Discovery Requests, served on April 16, 2018.

(b) The parties have stipulated to the authenticity of, but contest the admissibility of, the following exhibits: 3, 5, 9, 12, 14, 27, 28, 34, 40-41, 43-48, 50-51, 55-57, 59-60, 65-68, 73-74, 86-89, 93-94.

**Exhibit 3**: Interim Clearance for Mehanja 11/9/16 (previously marked as Common Dep. Ex. 3 and Pl. MPSJ Ex. 3);

**Exhibit 5**: O'Sullivan Recommendation for Mehanja 11/8/16 (previously marked as Common Dep. Ex. 5 and Pl. MPSJ Ex. 5);

**CASCADIA CROSS BORDER LAW GROUP LLC**
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

**U.S. DEPARTMENT OF JUSTICE**
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259

**Exhibit 9**:  Memo re Mehanja ineligibility for OCS 11/30/16 (previously marked as Common Dep. Ex. 9 and Pl. MPSJ Ex. 9);

**Exhibit 12**:  Mehanja / Dandridge / Farrier emails (previously marked as Common Dep. Ex. 12 and Pl. MPSJ Ex. 12);

**Exhibit 14**:  Malphrus email 11/16/17 (previously marked as Common Dep. Ex. 14 and Pl. MPSJ Ex. 1);

**Exhibit 27**:  Verdugo 1-4-12 MAVNI Briefing;

**Exhibit 28**:  Verdugo 10-28-14 MAVNI Briefing;

**Exhibit 34**:  Washington Post 4/5/18 Article "ICE Moving to Deport a Veteran after Mattis Assured that Would Not Happen," (previously marked Ex. 5 to Pl. Reply Br. in Support of MPSJ);

**Exhibit 40**:  USAREC Recruiting program for AMEDD, 3-18;

**Exhibit 41**:  Army Reserve Careers Division (ARCD) Warrant Officer Candidate School (WOCS) recruiting presentation (previously filed on 5/23/18 as Ex. 1 Supp. Authority in Support of Pl. MPSJ);

**Exhibit 43**:  Email from MSG David Hernandez 5/23/18 distributing ARCD recruiting presentation (previously marked Ex. 2 to Pl. Supplemental Br. in support of Pl MPSJ);

**Exhibit 44**:  USAREC emails 4-18 re Army Nurse Corps;

**Exhibit 45**:  DoD CAF MAVNI Standard Operating Procedures, Special Processing Branch May 2017 (previously marked as Common Dep. Ex. 15);

**Exhibit 46**:  DoD CAF Information Paper of Army MAVNI Applicants and MAVNI Incumbents 21 June 17 (previously marked as Common Dep. Ex. 16);

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

**Exhibit 47**: DoD CAF Information Paper of Army MAVNI Applicants and MAVNI Incumbents 21 June 17 (previously marked as Common Dep. Ex. 17);

**Exhibit 48**: DoD CAF Information Paper of Army MAVNI Applicants and MAVNI Incumbents 21 June 17 (previously marked as Common Dep. Ex. 18);

**Exhibit 50**: Emails between SSG Martinson, McClure and email to SPC Keigni Di Satchou 6/28/17 (previously marked Common Dep. Ex. 20);

**Exhibit 51**: Emails between Terrill White and SPC Keigni Di Satchou 10/31/17 (previously marked Common Dep. Ex. 21);

**Exhibit 55**: SPC Eva Xiong 1/29/18 email to SFC Smigell with attchments (previously marked Common Dep. Ex. 25);

**Exhibit 56**: SFC Smigell 1/30/18 email to SPC Eva Xiong (previously marked Common Dep. Ex. 26);

**Exhibit 59**: Undated Action Memo from Kurta and Lowery prepared by Stephanie Miller;

**Exhibit 60**: WaPo Article 6/26/17 The Pentagon Promised Citizenship;

**Exhibit 65**: Emails re Raj Chettri clearance status 2-10 to 2/12/18;

**Exhibit 66**: Verification of Interim Secret Clearance for Raj Chettri 2-13-18;

**Exhibit 67**: Request to Expedite Raj Chettri clearance 2-27-18;

**Exhibit 68**: Request to Expedite Raj Chettri clearance 5-17-17;

**Exhibit 73**: University of Houston Tiwari recommendation letter 4-4-16;

**Exhibit 74**: Baylor College of Medicine Tiwari recommendation letter 4-4-16;

**Exhibit 86**: UNNJ Website Wayback Snapshots 6-10-14 through 6-24-14;

**Exhibit 87**: UNNJ Website Wayback Snapshots 2-28-15 through 3-27-16;

JOINT AMENDED PRETRIAL ORDER - 24

*Tiwari, et al. v. Mattis*, No. 2:17-cv-00242 (TSZ)

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

**Exhibit 88**:  UNNJ Website Wayback Snapshots 6-10-14 through 6-24-14, horizontal layout;

**Exhibit 89**:  UNNJ Website Wayback Snapshots 2-28-15 through 3-27-16, horizontal layout;

**Exhibit 93**:  Emails Sandeep Singh – Minick 7-23-17 etc.;

**Exhibit 94**:  Emails Sandeep Singh – Mull 8-9-17 etc.;

(c) The parties do not dispute the authenticity of any exhibit.

(d) The following exhibit numbers are currently unused: 54, 61, 70, 72, 85, 97-99, 106.

ACTION BY THE COURT

(a) This case is scheduled for trial without a jury beginning November 26, 2018, at Seattle, Washington.

(b) Trial briefs shall be submitted to the court on or before November 9, 2018.

(c) Omitted.

(d) Motions pending before the court are:

> (1) Plaintiffs' Motion *in limine* to Preclude Undisclosed Expert Opinions (ECF No. 155);

> (2) Defendants' Motion *in limine* to Exclude Perpetuation Testimony and Purported Expert Testimony of Naomi Verdugo and to Request a Court Order Requiring Plaintiffs to Narrow Their Witness List (ECF No. 154);

> (3) Defendant's Motion *in limine* for a Protective Order (ECF No. 157); and

> (4) Defendant's Motion *in limine* to Exclude Purported Expert Testimony of Margaret Stock (ECF No. 158).

JOINT AMENDED PRETRIAL ORDER - 25
*Tiwari, et al. v. Mattis*, No. 2:17-cv-00242 (TSZ)

**CASCADIA CROSS BORDER LAW GROUP LLC**
**4141 B Street, Suite 205**
**Anchorage, AK 99503-5940**
**Tel. (907) 242-5800**

**U.S. DEPARTMENT OF JUSTICE**
**1100 L Street, NW**
**Washington, DC 20005**
**Tel: (202) 514-3259**

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to an agreement of the parties or to prevent manifest injustice.

DATED this 21st day of November, 2018.

Thomas S. Zilly
United States District Judge

FORM APPROVED

Attorney for Plaintiffs
Neil T. O'Donnell, Esq.

Attorney for Defendant
Michael Knapp

CASCADIA CROSS BORDER LAW GROUP LLC
4141 B Street, Suite 205
Anchorage, AK 99503-5940
Tel. (907) 242-5800

U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3259