1
2
3
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
4
AT SEATTLE
5
KIRTI TIWARI, et al.,
6
Plaintiffs,
7
v.
C17-242 TSZ
8
PATRICK M. SHANAHAN, Acting
ORDER
Secretary, United States Department of
9
Defense, in his official capacity,
10
Defendant.
11
Upon reconsideration sua sponte, the Court hereby AMENDS its previous Order
12
entered January 31, 2019, docket no. 192, as follows:
13
**Paragraph 7 and footnote 29 in the "Conclusion," on page 31 of the Order,**
14
**are AMENDED to read**:
15
(7)      The Court ENTERS the following permanent injunction:  Defendant and
16
the United States Department of Defense are hereby ENJOINED from requiring, in the
17
absence of individualized suspicion, a biennial series of National Intelligence Agency
18
Checks for continuous monitoring or security clearance eligibility purposes with respect
19
to any plaintiff;[29] and
20

21
[29] The Court DECLINES to certify a class because the Court is satisfied that entry of this
22
permanent injunction will operate in favor of all MAVNI personnel who are similarly situated to
plaintiffs, namely any citizen affiliated with the DoD who accessed into the United States Army
23

ORDER - 1

With the changes indicated above, the Clerk is DIRECTED to enter judgment consistent with the prior Order, docket no. 192, to send a copy of this Order and the Judgment to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 14th day of February, 2019.

Thomas S. Zilly
United States District Judge

---

through the MAVNI program after February 12, 2012, and before September 30, 2016. _See DiFrancesco v. Fox_, 2019 WL 145627 at *2-*3 (D. Mont. Jan. 9, 2019) (ruling that, because "all potential class members . . . would benefit from an injunction issued on behalf of the individually named plaintiffs," certification of a class would serve "[n]o useful need or purpose," and that "[t]he costs and complexities associated with maintaining a class action outweigh the benefits class certification is intended to provide" (citing _James v. Ball_, 613 F.2d 180, 186 (9th Cir. 1979), _rev'd on other grounds_, 451 U.S. 355 (1981))); _see also Davis v. Smith_, 607 F.2d 535, 540 (2d Cir. 1978).